## In re: VERIT INDUSTRIES, INC., Debtor,

**Verit Hotel & Leisure (International) Limited, an Isle of Man corporation,** Appellant,

v.

**Lowell Rothschild, Trustee, Appellee.**

No. 99–17434.

D.C. No. CV–98–1853–PHX ROS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2001.

Decided April 10, 2001.

Before FERNANDEZ and KLEINFELD, Circuit Judges, and MOSKOWITZ,[1] District Judge.

### MEMORANDUM[2]

Verit Hotel & Leisure (International) Limited ("VHL") appeals an order of the District Court, which (1) affirmed the bankruptcy court's denial of VHL's Motion to Set Aside Default Judgment on the ground that the bankruptcy court's prior determination that it had personal jurisdiction over VHL was entitled to *res judicata* effect; and (2) affirmed the bankruptcy court's order granting the Trustee's motion for a declaration of constructive trust over stock that was the subject of the Default Judgment previously entered against VHL. We reverse the district court's order and remand for proceedings consistent with this memorandum.

The parties are familiar with the facts and proceedings below so we do not recite them here. VHL contends that the default judgment entered against it should be vacated because the bankruptcy court did not have personal jurisdiction over it. The district court affirmed the bankruptcy court's denial of VHL's Motion to Set Aside Default Judgment and held that VHL was barred from arguing lack of personal jurisdiction in connection with its Motion to Set Aside Default Judgment. Relying on *United States v. Van Cauwenberghe*, 934 F.2d 1048 (9th Cir.1991), the district court reasoned that because VHL had made a special appearance to contest personal jurisdiction on March 18, 1996, the bankruptcy court's determination that it had personal jurisdiction over VHL was *res judicata*.

It is true that when a defendant submits to the jurisdiction of the court "for the limited purpose of challenging jurisdiction, the defendant agrees to abide by that court's determination on the issue of jurisdiction: That decision will be *res judicata* on that issue in any further proceedings." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). However, in this case, VHL was not actually afforded the opportunity to challenge the bankruptcy court's jurisdiction.

At the March 18, 1996, hearing, counsel for VHL indicated that there were jurisdictional issues that needed to be resolved and asked the bankruptcy judge for leave to make his arguments in writing. Counsel for VHL did not make any substantive arguments regarding jurisdiction at this hearing. The bankruptcy judge stated that he would review the matter and would take into consideration the parties' positions. However, in a minute order entered later that day, the bankruptcy judge concluded, "[I]t is untimely to object to jurisdiction and therefore default judgment is

---

1. The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

appropriate ...." VHL was not given the opportunity to present arguments to the contrary.

The bankruptcy court essentially precluded VHL from challenging the court's jurisdiction. Therefore, this case is distinguishable from *Van Cauwenberghe, supra,* and the doctrine of *res judicata* is inapplicable. VHL has a right to be heard so that it can challenge the court's exercise of personal jurisdiction. VHL did not have its day in court.

Accordingly, VHL was entitled to argue lack of jurisdiction in connection with its Motion to Set Aside Default Judgment. The district court erred in affirming the bankruptcy court's denial of such motion. We reverse the district court's order and instruct the district court to remand the case to the bankruptcy court for a determination of whether the default judgment should be vacated due to the lack of personal jurisdiction over VHL.

Because the issue of personal jurisdiction has yet to be resolved, the bankruptcy court's order granting the Trustee's motion for a declaration of constructive trust and the supplemental judgment thereon must be vacated.

REVERSED AND REMANDED.